IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI


FILED
MAR 23 2017
DAVID CREWS, CLERK
BY  V. Adams
Deputy

UNITED STATES OF AMERICA

v.

CRIMINAL NO: 3:17 CR034

KISHAUN CAREY
JAVED BENJAMIN, a/k/a "Javi"
FRANKLYN HARRIGAN, JR., a/k/a "Frankie"

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. 1956(a)(3)(B)

### INDICTMENT

The Grand Jury charges that:

### COUNT ONE

**Conspiracy to Distribute Cocaine
21 U.S.C. § 846**

Beginning at a time unknown to the Government, but on or about and between November 2014 and January 2017, in the Northern District of Mississippi and elsewhere, the defendants, **KISHAUN CAREY** and **JAVED BENJAMIN, a/k/a "Javi"**, did knowingly, intentionally and willfully combine, conspire, and agree with each other, and with persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute cocaine base and cocaine hydrochloride, both Schedule II controlled substances as defined by Title 21 United States Code Section 812, in violation of Title 21, United States Code, Section 841.

**Manner and Means to Accomplish the Conspiracy**

The following paragraphs identify some of the objects of the charged criminal conspiracy, which were accomplished by the following means, among others, and in the following manner:

1. A drug trafficking organization originating in the U.S. Virgin Islands was responsible for importing kilograms of cocaine from various parts of the United States, including the U.S. Virgin Islands, among others, into the Northern District of Mississippi.

2. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the unlawful distribution operation.

3. It was further part of the conspiracy that co-conspirators would correspond with each other throughout the country and with a cocaine trafficker in Mississippi, among other places, to arrange the purchase and shipment of cocaine into the Northern District of Mississippi, and elsewhere.

4. It was further part of the conspiracy that cocaine was ordered by a member of this drug trafficking organization in the Northern District of Mississippi from **KISHAUN CAREY**, who then brokered the drug transactions by contacting sources of supply in the U.S. Virgin Islands, including Devon Freeman, a/k/a "Shab" (deceased), and others. The cocaine was delivered to the Northern District of Mississippi by drug trafficking organization members, including but not limited to, a delivery by **JAVED BENJAMIN, a/k/a "Javi"**, on April 17, 2015.

5. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances and as payment for cocaine.

6.  It was a further part of the conspiracy that co-conspirators used telephones, including cellular phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

### Quantity of Cocaine Involved in the Conspiracy

With respect to **KISHAUN CAREY** and **JAVED BENJAMIN**, a/k/a "Javi", the quantities of cocaine within the overall scope of the conspiracy attributable to these defendants as a result of these defendants' own conduct was in excess of 280 grams of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

### Conspiracy to Distribute Marijuana
### 21 U.S.C. § 846

Beginning at a time unknown to the Government, but from on or about August 2014, and continuing until on or about March 2015, in the Northern District of Mississippi and elsewhere, the defendants, **KISHAUN CAREY** and **FRANKLYN HARRIGAN**, a/k/a "Frankie", did knowingly, intentionally and willfully combine, conspire, and agree with each other, and with persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841.

### Manner, Means and Objects to Accomplish the Conspiracy

The following paragraphs identify some of the objects of the charged criminal conspiracy, which were accomplished by the following means, among others, and in the following manner:

3

1. A drug trafficking organization originating from the U.S. Virgin Islands was responsible for coordinating the importation of kilograms of marijuana from various parts of the United States, including the U.S. Virgin Islands and California into the Northern District of Mississippi.

2. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants and coconspirators made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the unlawful distribution operation.

3. It was further part of the conspiracy that co-conspirators would correspond with each other, with a marijuana trafficker in Mississippi, and with a marijuana source of supply in California, among other places, to arrange the unlawful purchase and shipment of marijuana into the Northern District of Mississippi, and elsewhere.

4. It was further part of the conspiracy that marijuana was ordered from co-conspirators, supplied by sources of supply in California, and unlawfully delivered into the Northern District of Mississippi.

5. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances and as payment for marijuana.

6. It was a further part of the conspiracy that co-conspirators used telephones, including cellular phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

**Quantity of Marijuana
Involved in the Conspiracy**

With respect to **KISHAUN CAREY** and **FRANKLYN HARRIGAN, JR.**, a/k/a **"Frankie"**, the quantities of marijuana within the overall scope of the conspiracy attributable to these defendants as a result of these defendants' own conduct is an amount less than fifty kilograms of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

**Distribution of Cocaine Base
21 U.S.C. 841(a)(1)**

On or about April 17, 2015, in the Northern District of Mississippi, the defendant **JAVED BENJAMIN**, a/k/a **"Javi"**, aided and abetted by defendant, **KISHAUN CAREY**, did unlawfully, knowingly and intentionally distribute in excess of 280 grams of a mixture and substance containing cocaine base, a Schedule II controlled substance as defined by Title 21 United States Code Section 812, in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(A).

## COUNT FOUR

**Money Laundering
18 U.S.C. 1956(a)(3)(B)**

On or about March 4, 2015, in the Northern District of Mississippi, and elsewhere, defendant, **KISHAUN CAREY**, with the intent to conceal and disguise and in an attempt to conceal and disguise the nature, location, source, ownership and control of property and monies represented to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction, to wit: **KISHAUN CAREY** did direct, counsel and command another to wire transfer $2,000.00 into Regions bank account 0212800570, in and affecting

interstate or foreign commerce and involving property represented by another known to the Grand Jury to be the proceeds of a specified unlawful activity, specifically the proceeds of the distribution of marijuana, all in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT FIVE

### Money Laundering
### 18 U.S.C. 1956(a)(3)(B)

On or about April 20, 2015, in the Northern District of Mississippi, and elsewhere, defendant **JAVED BENJAMIN, a/k/a "Javi",** with the intent to conceal and disguise and attempt to conceal and disguise the nature, location, source, ownership and control of property and monies believed to be the proceeds of a specified unlawful activity, did knowingly conduct and attempt to conduct a financial transaction which affected interstate or foreign commerce, that is: **JAVED BENJAMIN, a/k/a "Javi"**, took $20,000.00 represented and provided by an agent of the government to be the proceeds of a specified unlawful activity, specifically the proceeds of the distribution of controlled substances, and did transport transfer, and deliver said funds across states lines to other co-conspirators, incorporated by reference from Count One, to Alabama, the U.S. Virgin Islands and elsewhere, all in violation of Title 18, United States Code, Section 1956(a)(3)(B).

### Forfeiture Provision

Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, defendants,

**KISHAUN CAREY, JAVED BENJAMIN, a/k/a "Javi"**, and **FRANKLYN HARRIGAN, a/k/a "Frankie"**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, as the result of committing one or more of the money laundering offenses in violation of Title 18, United States Code, Section 1956, as alleged in Counts Four and Five of this Indictment, defendants, **KISHAUN CAREY** and **JAVED BENJAMIN, a/k/a "Javi"**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense(s) and all property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

A TRUE BILL

_____
**ACTING UNITED STATES ATTORNEY**

/s/redacted signature
**FOREPERSON**